■ In the Matter of the Claim of ARTHUR R. THUNELIUS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Claimant, an expert accountant, was employed by Olin Mathieson Chemical Corporation from November 21, 1949 until his discharge on April 21, 1961. A subsequently filed claim for unemployment insurance benefits was originally disallowed by the Industrial Commissioner. Based upon further information supplied by claimant the Commissioner reconsidered the application, reversed his initial determination and found claimant eligible for unemployment compensation. The Referee before whom the employer requested a hearing overruled that determination. The Appeal Board found the Referee's findings of fact supported by the record, adopted, as its own, her opinion that claimant by provoking his discharge had left his employment voluntarily and without good cause and affirmed the decision disqualifying him from benefits. This appeal followed. The material facts found by the Referee are not in dispute. In March, 1961 a garnishment of claimant's salary was filed with the employer at whose insistence the satisfaction of which was accomplished by the employee. He was then advised of its policy in respect to such process and warned that if his wages were again so incumbered dismissal from employment would follow. Later in the same month the employer was notified informally that the filing of another garnishee was imminent whereupon it advised claimant to take a short vacation to straighten out his financial difficulties. During the absence another creditor levied upon his wages. Upon his return to work claimant was discharged. The Referee further cited the employer's co-operation, the claimant's knowledge of his obligations, "what he had to do in order to remain in employment" and opined that "Claimant could reasonably have forseen [*sic*] that failure to

effect a financial position which would preclude filing of further garnishees against his salary could result in the termination of his employment" and that "His failure to meet the condition for continuance in employment provoked his discharge." There is uncontradicted evidence that a judgment of separation granted his wife obligated claimant to pay monthly for her support and that of their four minor children the sum of $372 and that there remained from the salary received during the same period about $96 applicable to his own use. It appears also without dispute that the wife's failure to acquit the financial responsibilities imposed upon her by the judgment led to the incurrence by claimant of the small loans due lending institutions from which the garnishments eventuated. The facts in the instant record demonstrate that the claimant's failure to satisfy a condition of employment was due as a matter of law to circumstances beyond his control. We think that the Legislature would be surprised to hear it suggested that an unemployed worker should be barred from the benefits of the statute for the reason that through no fault of his own he had become enmeshed in financial difficulties from which he was unable to extricate himself sufficiently to comply with a rule of his employer. (Unemployment Insurance Law [Labor Law, art. 18], § 501.) The discharge of claimant thus cannot be treated as a voluntary separation from his employment without good cause. (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 1, par. [a].) Decision of the Unemployment Insurance Appeal Board reversed and the determination of the Industrial Commissioner reinstated, with costs. Bergan, P. J., Gibson and Taylor, JJ., concur; Herlihy and Reynolds, JJ., dissent: In this case, the board adopted the finding of fact of the Referee who, after reviewing the evidence, stated: "Provocation of discharge under the circumstances as established on the credible evidence constitutes voluntary leaving of employment without good cause". We do not agree with the statement of the majority "that the claimant's failure to satisfy a condition of employment was due as a matter of law to circumstances beyond his control". The issues herein were factual and the credibility of the claimant was for the sole determination of the board and therefore we accordingly vote to affirm the determination of the board.